# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

ISABELLA KAMINSKI, aka
SCOTTY KAMINSKI,

**Debtor.**

**Bankruptcy Case
No. 05-42022**

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

    David E. Gabert, Pocatello, Idaho, Attorney for Debtor Isabella Kaminski.

    James A. Spinner, Pocatello, Idaho, Attorney for Chapter 7 Trustee R. Sam Hopkins.

### *Introduction*

Chapter 7 debtor Isabella Kaminski ("Debtor") filed a motion in which she asks the Court to set aside an order directing her to turn over certain real property to the trustee, R. Sam Hopkins ("Trustee"). Docket No. 44. Trustee objected to the motion, contending that Debtor's homestead exemption claim on the property has been disallowed, and that he should be allowed to sell the

MEMORANDUM OF DECISION - 1

property for the benefit of creditors of Debtor's bankruptcy estate. Docket No. 47. The Court conducted a hearing on the motion on December 20, 2006, at which counsel for the parties appeared, and thereafter took the motion under advisement. After due consideration of the submissions of the parties, the arguments of counsel, as well as the applicable law, this Memorandum disposes of the motion and constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

### *Procedural History*

Debtor, who is 80 years old, lives near Salmon, Idaho. She filed her chapter 7 petition on September 6, 2005. She was represented by an attorney, David E. Gabert ("Counsel"). In her bankruptcy schedules, which Debtor signed, she listed two parcels of real property: 202 Garnet Road, Salmon, ID 83467 ("Garnet Road Property"), and 201 Highway 93 South, Salmon, ID 83467 ("Hwy 93 Property").[2] Sch. A, Docket No. 11. Debtor claimed the Garnet Road Property

---

[1] All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), because Debtor's bankruptcy case was commenced on September 6, 2005, prior to BAPCPA's effective date of October 17, 2005.

[2] She later amended Schedule A, and added a third parcel of real property, which has been administered by Trustee and is not at issue here. Docket Nos. 21; 28; 32.

MEMORANDUM OF DECISION - 2

exempt as her homestead. Sch. C, Docket No. 11. However, in her bankruptcy petition, Debtor listed the address of the Hwy 93 Property as her street address, and left the space for "Mailing Address of Debtor (if different from street address)" blank. Docket No. 1.

On October 19, 2005, Trustee filed an objection to Debtor's claim of exemption arguing that Debtor was not entitled to an automatic homestead exemption for the Garnet Road Property because she was not residing there, based in part on Debtor's testimony at her § 341(a) creditors meeting. Trustee argued that in order to exempt this property under Idaho law, Debtor was required to record a declaration of homestead. Because no declaration was executed or recorded, Trustee asked the Court to disallow Debtor's claim to an exemption. Docket No. 16. While Trustee's objection appears to have been properly served on Debtor and Counsel, no response was made to this objection. As a result, on November 23, 2005, an order was entered by the Court disallowing Debtor's claim of exemption. Docket No. 19.

Because it was not exempt, Trustee filed an application to employ a realtor to market and sell the Garnet Road Property. Docket No. 25. Again, a copy of the application was served on Counsel. Debtor did not object to the application, and on February 21, 2006, it was granted. Docket No. 26.

MEMORANDUM OF DECISION - 3

On June 29, 2006, Trustee filed a Motion for Turnover, requesting entry of an order requiring Debtor to surrender possession of the Garnet Road Property to him so that it could be sold.  Docket No. 33.  Debtor, through Counsel, filed an objection to the motion.  In her objection, Debtor argued she was entitled to a homestead exemption on the Garnet Road Property pursuant to Idaho Code § 55-1003.  She alleged that a motion to set aside the order disallowing her exemption claim had been prepared but not filed due to Counsel's inadvertence.  Docket No. 34.  On August 15, 2006, the Court conducted a hearing on Trustee's motion and rejected Debtor's arguments.  The Court directed that the property be surrendered to Trustee, as evidenced by the order entered on September 18, 2006.  Docket No. 42.   Debtor did not appeal this order.

On November 9, 2006, Debtor filed the Motion to Set-Aside Order for Turnover of Property which is the subject of this decision.[3]

*Analysis and Disposition*

**I.**

In her motion, Debtor, through Counsel, alleges that she deserves relief from the September 18 turnover order.  Counsel argues that his client was

---

[3] The parties, and therefore, also the Court, treat Debtor's motion as one for relief from the turnover order under Fed. R. Civ. P. 60(b), as incorporated in Fed. R. Bankr. P. 9024.

MEMORANDUM OF DECISION - 4

mentally incompetent and unable to assist him in representing her interests from approximately August 2005, through August 2006, which corresponds to the period when Debtor's son, John, was incarcerated.  Counsel represents that during this time, because of Debtor's medical condition, she was taking medication which rendered her incompetent.  Counsel states that prior to being incarcerated, John had been able to assist his mother so that she was able to effectively participate in the preparation of her bankruptcy case.  However, with Debtor suffering from the effects of the medication, and John in jail, he was unable to timely and effectively assert that the Garnet Road Property should be deemed exempt.

## II.

The Court may grant a party relief from a final judgment or order under Fed. R. Civ. P. 60(b) for a variety of reasons.  Although Debtor does not rely on a specific subsection of the Rule, in this case, based upon Debtor's arguments, only subsections (1), (2) and (6) are potentially applicable.  Whether relief should be granted under any of the provisions of Rule 60(b) is addressed to the sound discretion of the Court.  *In re Kirkendall*, 00.3 I.B.C.R. 125, 125 (Bankr. D. Idaho 2000) (citing *Zimmerman v. First Fidelity Bank (In re Silva)*, 97.4 I.B.C.R. 118, 119 *(*Bankr. D. Idaho 1997) *aff'd*, 85 F.3d 992 (9th Cir. 1999)).  As Debtor is the party seeking relief under Rule 60(b), she bears the burden of

MEMORANDUM OF DECISION - 5

proving justification for such a remedy. *Id*. (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

The Court's treatment of Rule 60(b) is not rigid, but requires the Court to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, error or omission. *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) *cert. denied.*, 544 U.S. 961 (2005) (noting that the standard was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr. D. Idaho 2003).

### A.  Rule 60(b)(1)

Under Rule 60(b)(1), the Court may grant relief to a party from the effects of a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ." Because they are listed separately, the "mistake" referenced within Rule 60(b)(1) refers to something different from inadvertence or excusable neglect. For example, a bankruptcy court entering an order that should not have been entered is the type of mistake envisioned by the Rule. *Nunez v. Nunez (In re Nunez),* 196 B.R. 150, 156 (9th Cir. BAP 1996); *In re Cisneros*, 994 F.2d 1462, 1467 (9th Cir. 1993).

Here, Counsel points to the fact that he discovered only recently that

MEMORANDUM OF DECISION - 6

his client was taking medication which rendered her incompetent to assist him, as the "mistake" entitling Debtor to relief under Rule 60(b)(1). However, to accept this position under these circumstances strains the definition of mistake.

Counsel made no error, nor did he proceed while influenced by a misunderstanding. Counsel concedes he knew Debtor was unable to effectively assist him with her case, but only later learned the possible cause. He was not mistaken about her condition, only the apparent cause of it. Therefore, learning of the cause of Debtor's alleged mental impairments only sheds light on what Counsel already knew – that he was unable to effectively communicate with his client. He could have explained his predicament to the Court at the time Trustee objected to the exemption, sought to hire a realtor, or made the turnover motion, but he did not. No mistake exists for purposes of Rule 60(b)(1).

Counsel also suggests Debtor's failure to offer a defense to the turnover motion constitutes excusable neglect under the Rule. In evaluating claims of excusable neglect, the Court applies the four prong analysis announced in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380 (1993), and adopted in the Rule 60(b) context by *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381-82 (9th Cir. 1997). Under *Pioneer* and *Briones*, the Court should consider: the danger of prejudice to the debtor, the length of the

MEMORANDUM OF DECISION - 7

delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Briones*, 116 F.3d at 381. "While the term 'excusable neglect' should be liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim, 'not even a liberal interpretation of excusable neglect will excuse every error or omission in the conduct of litigation.'" *In re Bott*, 03.2 I.B.C.R. 125, 127 (Bankr. D. Idaho 2003), (quoting *In re Bish's Boys, L.L.C.*, 02.1 I.B.C.R. 6, 7 (Bankr. D. Idaho 2002)) (internal citations omitted).

In weighing Debtor's "excusable neglect" arguments, the Court acknowledges the potential prejudice to Debtor, who in this case will lose her rights in the Garnet Road Property if the Court does not set aside its order requiring turnover. The Court assigns considerable weight to Debtor's plight in this analysis.

In measuring the length of the delay and its potential impact on judicial proceedings in this case, the record shows the Order for Turnover of Property was entered by the Court on September 18, 2006, and Debtor filed her motion to set aside that order on November 9, 2006. While waiting approximately eight weeks to seek relief from the turnover order constitutes a significant delay,

MEMORANDUM OF DECISION - 8

there is little evidence that the time lag had any substantial negative impact on the status of the judicial proceedings.[4]

However, the Court must also consider the reason for Debtor's delay, including whether it was within the reasonable control of the movant, as well as whether Debtor (and Counsel) acted in good faith. The difficulty with Counsel's argument that he lacked help from his client lies in what was occurring in this case while Debtor was allegedly incompetent. As noted above, the Court is constrained to consider these surrounding circumstances. Counsel claims his client was unable to assist him from and after the time of John's incarceration in August, 2005. To accept this proposition would mean that the attorney received no useful assistance from his client in connection with:

1) the preparation of Debtor's sworn schedules A-J, which were allegedly executed by Debtor on September 1, and filed with the Court on September 26, 2005;

2) Debtor's appearance and testimony at the § 341 creditor's meeting on October 17, 2005;

3) consideration of, and an opportunity to respond to, Trustee's objection to Debtor's claim of exemption filed on October 19, 2005;

4) the preparation and filing of Amended Schedule A on December 6,

---

[4] While the present motion seeks relief from the turnover order, it is actually a request to contest the homestead exemption issue, which was settled by an order entered in November, 2005. When evaluated in this light, Debtor's delay in seeking relief was indeed a significant one.

MEMORANDUM OF DECISION - 9

        2005;

5)     consideration of, and an opportunity to respond to, Trustee's application to employ a realtor to sell the Garnet Road Property on February 2, 2006; and

6)     consideration of, and an opportunity to respond to, Trustee's motion for turnover filed June 29, 2006.

      Debtor's motion presents several questions about the cause for the delay in this case. Why was Counsel so tardy in recognizing that his client was unable to answer his inquiries or aid in his efforts in representing her interests? Why did he allow Trustee's exemption objection, realtor employment application and turnover motion to pass without raising Debtor's mental condition as an issue? Indeed, Counsel's objection to Trustee's motion for turnover did not mention Debtor's allegedly impaired mental condition. Instead, it stated that Counsel had prepared a motion to set aside the order disallowing the claim of exemption, but that he had inadvertently failed to file it.

      Even now, Counsel waffles concerning Debtor's competency. The Affidavit of Isabella Kaminski filed in support of this motion declares, under oath, that Debtor is competent. Aff. of Isabella Kaminski, Docket No. 44. It states:

      1.     I am the Debtor in the above-entitled cause of action, I am a resident of the County of Lemhi, State of Idaho, I am over the age of eighteen (18) years, I have personal knowledge of the facts set forth below, and *I am competent to*

MEMORANDUM OF DECISION - 10

> *testify to the said facts.*
>
> 2.  *Although I am still mentally competent*, I am eighty (80) years of age, and my hearing is poor.  In addition, I can become upset and confused when I am in a stressful situation, which occurred at the hearing on the 12th day of October, 2005.  I was also taking several medications at the time, including pain killers, which left me drowsy and unable to concentrate.

Aff. of Isabella Kaminski, ¶ 1-2 (emphasis supplied).  While Debtor's affidavit acknowledges that she gets confused in stressful situations such as during court hearings, it does not suggest that Debtor was confused or incompetent when Trustee filed the objection to her claim of exemption, nor when he filed the application to employ the realtor to sell the Garnet Road Property, both of which went unopposed by Debtor.

In light of all that was occurring in her bankruptcy case, the Court is not persuaded that Debtor was unable to assist Counsel in asserting her rights in the Garnet Road Property.  Moreover, the Court is convinced that if Debtor's mental condition was a problem, Counsel could and should have brought that issue to the attention of the Court.  In the exercise of its discretion, the Court concludes that these circumstances do not amount to "excusable neglect" so as to justify setting aside the order requiring Debtor to turnover the Garnet Road

MEMORANDUM OF DECISION - 11

Property.  Relief under Rule 60(b)(1) is not warranted.

## B.  Rule 60(b)(2)

Rule 60(b)(2) provides that a court may relieve a party from a final judgment on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."  The Courts have interpreted this rule to mean that:

> "[r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'"

*Feature Reality, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987)).

Debtor may not rely upon 'newly discovered evidence' to justify setting aside the turnover order, for several reasons.  First, Counsel cannot demonstrate that the evidence of Debtor's incompetence or confusion because of medication was in fact, "newly discovered."  Evidence "in the possession of the party before the judgment was rendered is not newly discovered . . . ." *Id.,* at 1093

MEMORANDUM OF DECISION - 12

(quoting *Coastal Transfer Co.* 833 F.2d at 212). Furthermore, "evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981).

According to Counsel, Debtor's inability to assist him relates back to the time of commencement of the bankruptcy case. He cannot justify his failure to respond to Trustee's objection to Debtor's homestead on this basis. Second, Counsel cannot show that he exercised due diligence to discover the cause of Debtor's inability to assist him with this case. If Debtor was incompetent, or potentially so, Counsel apparently sat on that evidence, and never sought help from the Court on that issue. In other words, even if Debtor's mental state may well have been of such magnitude that bringing it to light earlier would have changed the disposition of the issues, the other two prongs of the test for relief under Rule 60(b)(2) have not been met.

### C.  Rule 60(b)(6)

Under Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." The courts have construed this seemingly "catch-all" phrase strictly. While Rule 60(b)(1) has been interpreted as encompassing errors made due to the 'mere neglect' of the party, Rule 60(b)(6) applies to errors or actions beyond the party's

MEMORANDUM OF DECISION - 13

control. *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003) (citing *Community Dental Services v. Tani,* 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002)); *see also, In re Anderton*, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996)) ("[R]ule 60(b)(6) is only to be applied in rare cases where a party was prevented by 'extraordinary circumstances' from seeking timely prevention or correction of an erroneous judgment."). To qualify for relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Bott*, 03.2 I.B.C.R. at 126 (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)) (internal citations omitted).

Counsel and Debtor have not made a satisfactory showing for relief under Rule 60(b)(6). Counsel cannot show that "extraordinary circumstances" prevented him from correcting any inaccurate testimony given at the § 341 hearing, opposing Trustee's objection to exemption, or responding to the application to employ a realtor. Indeed, Counsel has not pointed to any justification for those oversights at all.

The Court has once before considered Trustee's motion for turnover on the merits, including conducting a hearing and weighing the arguments of

MEMORANDUM OF DECISION - 14

Counsel about whether the Garnet Road Property could be exempted by Debtor. Counsel has not raised any additional arguments or submitted any further evidence to show that Debtor's alleged mental incompetency would alter the Court's prior conclusions about Debtor's homestead claim.

Trustee's objection to Debtor's claim of exemption regarding the Garnet Road Property was premised on two distinct arguments. First, Trustee contended that Debtor did not live on that property at the time she filed her petition. The record supports this contention because the bankruptcy petition lists Debtor's street address as the Hwy 93 Property, while the space for a different mailing address was left blank. This evidence contradicts Debtor's position now, that she physically resided at the Garnet Road Property, but her mailing address was the Hwy 93 Property.

The second basis for Trustee's objection relates to the first. Under Idaho Code § 55-1005(1), Debtor could claim an automatic homestead exemption only "from and after the time the property is occupied as a principal residence by the owner . . . ." However, the statute continues:

> if the owner also owns another parcel of property on which the owner presently resides . . . the owner must also execute an abandonment of homestead on that other property and file the same for record with the recorder of the county in which the land is located.

MEMORANDUM OF DECISION - 15

Idaho Code § 55-1005(2).  The Idaho law also provides that a homestead:

> is presumed abandoned if the owner vacates the property for a continuous period of at least six (6) months.  However, if an owner is going to be absent from the homestead for more than six (6) months but does not intend to abandon the homestead, and has no other principal residence, the owner may execute and acknowledge . . . a declaration of nonabandonment of homestead and file the declaration for record in the office of the recorder of the county in which the property is situated.

Idaho Code § 55-1006.

While Debtor claims she never abandoned the Garnet Road Property, she stated in her affidavit that she correctly testified at the § 341(a) hearing that she "moved into the [Hwy 93] address about two (2) or three (3) years previously," but that she "never testified that [she] had actually moved out of the [Garnet Road] address, and [she] never meant to indicate that [she] had not lived at the [Garnet Road] address for two (2) or three (3) years."  Aff. of Isabella Kaminski at ¶ 6.  Neither Debtor nor Counsel has explained, first, why this information only came to light at this late date, and second, how it would necessarily alter the Court's previous determination on Trustee's motion.

The Court concludes that Debtor has failed to show she is entitled to relief under Rule 60(b)(6).

### *Conclusion*

MEMORANDUM OF DECISION - 16

Debtor and Counsel have shown no mistake or excusable neglect, no newly discovered evidence, and no extraordinary circumstances which would justify setting aside the Court's order requiring Debtor to turnover the Garnet Road Property. Accordingly, Debtor's Motion to Set-Aside Order for Turnover of Property will be denied by separate order.

Dated: January 29, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge